UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raphael Mendez,                                    File No. 19-cv-183 (PAM/LIB)

        Plaintiff,

v.                                                 **REPORT AND RECOMMENDATION**

David Paul, et al.,

        Defendants.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff, Ralph Mendez's, Complaint, [Docket No. 1], as well as, his Application to Proceeds in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons discussed herein, the Court recommends the Plaintiff's Complaint, [Docket No. 1], be **DISMISSED**, and that Plaintiff's Informa Pauperis Application, [Docket No. 2], be **DENIED as moot**.

Plaintiff commenced this action with a filing entitled "PETITIONING for ORDER against NAZI CAMP under COLOR of CORRECTIONAL [*sic*] at FMC ROCHESTER MINNESOTA" (hereinafter "Petition") (Pet. [Docket No. 1]) (capitalization in original). In this Court's previous Order, the undersigned observed that "[t]he overall character of" the present Petition was "unclear for several reasons." (Order, [Docket No. 3], at 1). Certain aspects of the Petition suggested that Plaintiff wanted to sue various prison officials under 42 U.S.C. § 1983 or another unspecified federal statute. (See, Id. at 2). However, other aspects of his Petition suggested that Plaintiff was challenging the underlying validity of his present confinement, in which case a habeas petition would be the appropriate procedural vehicle. (See, Id. at 3). Because of this lack of clarity, the

Court ordered Plaintiff to file "an addendum of no more than two pages explaining exactly what relief he seeks." Id.

The Court received Plaintiff's response on March 18, 2019. (See, Response [Docket No. 4]) (hereinafter "Response"). In his response, Plaintiff states the following:

1. Raphael Mendez, WANTS an EMERGENCY INJUNCTION and RESTRAINING ORDER against the DEFENDANTS. Raphael Mendez, WISHES this REQUEST, so that FMC Rochester, MN employs COULD STOP, Obstructing, Delaying or Even Hindering JUSTICE OWE to Raphael Mendez. See 42 USC 1985 (3).
2. How the DEFENDANTS is wronging Raphael Mendez WILL TAKE MORE Than 2 Pages and a longer ALLOWABLE Time than 7 days. THEREFORE, Haines v. Kerner, 404 U.S. 519 (1972), MUST be APPLIED hereto Pretrial Civil Detainee Raphael Mendez, WHO is NOT a License Attorney for this DEMAND.
3. This CASE also ALLEGES BOTH a PRISON CONDITION and a Civilian ACTION as RAPHAEL MENDEZ , IS STILL A PRETRIAL CIVILIAN WHO IS DEMANDING TRIAL RIGHTS REINSTATEMENT AGAINST CIVIL COMMITMENT MADE WITHOUT FEDERAL JURISDICTION INSTIGATORS.

(Id. at 1)(typography and errors in original) (several citations omitted).

These foregoing statements are themselves not an entirely direct response to the Court's earlier directive, however, in the Court's view, the overall better conclusion is that Plaintiff seeks release from federal custody. Accordingly, the Court construes Plaintiff's filing as a Petition seeking habeas relief. The Court notes that this construction is supported by Plaintiff's statements that he is a "pretrial civilian . . . demanding trial rights." (Id.) (capitalization altered). Furthermore, while the Response cites 42 U.S.C. § 1985—suggesting that Plaintiff may seek to pursue a civil action—that citation arises from a demand that FMC-Rochester employees stop "obstructing . . . justice owe[d]" to Plaintiff, and as best as can be gleaned from his filings, the sought-after "justice" concerns Plaintiff's claims of impermissible federal confinement. Therefore, as noted, the Court

construes the present action by Plaintiff as seeking habeas relief—specifically, to be released from his present federal confinement.[1]

As the Court best understands the Petition, Plaintiff is presently confined under 18 U.S.C. § 4246, (See, Pet., [Docket No. 1], at 2), which provides that:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d),[2] or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Section 4246(d) explains the potential consequences of such a hearing:

> If, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility . . . .

18 U.S.C. § 4246(d).

---

[1] To the extent Plaintiff might seek to raise secondary claims pertaining to any of the conditions of his present confinement, the construction of the present filing as a Petition seeking habeas relief does not prevent him from filing a separate action challenging the conditions of his present confinement.

[2] 18 U.S.C. § 4241(d) provides for those cases where a defendant is found to be not competent to stand trial.

An individual in federal custody due to a 18 U.S.C. § 4246 commitment Order, such as Plaintiff in the present case, may challenge the legality of his confinement by filing a 28 U.S.C. § 2241 habeas petition in the judicial district where said individual is confined. See, e.g., Payen v. Jett, No. 15-cv-122 (JRT/HB), 2016 WL 3162054, at *4 (D. Minn. May 16, 2016) (citing Archuleta v. Hedrick, 365 F.3d 644, 647–48 (8th Cir. 2004)), report and recommendation adopted by 2016 WL 3149665 (D. Minn. June 3, 2016). However, as with other forms of habeas relief, there are limits on said petitions.  Under 28 U.S.C. § 2244(a):

> No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Moreover, 28 U.S.C. § 2244(a) bars federal detainees from filing "successive" habeas petitions—i.e., petitions reraising claims already raised and adjudicated in a prior habeas proceeding. See, e.g., Perales v. United States, No. 14-cv-1722 (JNE/JJG), 2014 WL 3384698, at *2 (D. Minn. July 10, 2014) (citing cases). Furthermore, the abuse-of-the-writ doctrine bars federal detainees from filing "abusive" habeas petitions—i.e., petitions seeking to raise new claims that could have been raised in a prior habeas proceeding. See, Id. at *3 (citing Phelps v. U.S. Gov't, 15 F.3d 735, 737–38 (8th Cir. 2004)); Perkins v. Holder, No. 13-cv-2874 (PAM/FLN), 2014 WL 755378, at *3 (D. Minn. Feb. 26, 2014), aff'd (8th Cir. Dec. 9, 2014).

In the present case, the Plaintiff asserts he is presently imprisoned as part of a commitment Order under 18 U.S.C. § 4246. He further asserts that the proceedings from which that commitment arose began in the U.S. District Court of the Virgin Islands, which Plaintiff alleges is not an Article III Court and therefore, it lacks the jurisdictional authority to issue such a commitment order. (See,

4

Pet., [Docket No. 1], at 2).[3] As a result, Plaintiff argues his present confinement is invalid because of a lack of jurisdiction. (See, e.g., Id. at 2–3, 5–6).

The Court observes that both in this District and elsewhere, Plaintiff has filed several previous actions; a search for cases he has filed uncovers scores of federal-court actions. Critically, for the present Petition, in this District alone Plaintiff has filed at least two prior 28 U.S.C. § 2241 petitions. See, e.g., Mendez v. United States, No. 12-cv-28 (ADM/FLN) (D. Minn. Jan. 5, 2012) (Pet. for Writ of Habeas Corpus for Persons in Federal Custody Under 28 U.S.C. § 2241); Mendez v. Jett, No. 13-cv-1270 (ADM/FLN) (D. Minn. May 24, 2013) (Pet. for 28 U.S.C. § 2241 (3) Writ: In Custody in Violation of the U.S. Constitution (or) Laws of the United States).

The present Petition's jurisdictional argument does not appear in either of Plaintiff's prior petitions in this District. The Court's review of the record provides no reason why Plaintiff could not have made the present jurisdictional argument in either of those earlier filings. Because Plaintiff failed to raise his present jurisdiction argument in either of his two prior petitions, he is now barred from doing so here pursuant to the abuse-of-the-writ doctrine. See, e.g., Perales, 2014 WL 3384698, at *2; Perkins, 2014 WL 755378, at *3.

The Court thus recommends that the Petition, [Docket No. 1], be dismissed. Given the recommendation that the Petition, [Docket No. 1], be dismissed, the Court also recommends denying as moot Plaintiff's Informa Pauperis Application. [Docket No. 2].

---

[3] Although it is recommended, infra, that the present Petition be dismissed for procedural reasons, the underlying factual assertion by Plaintiff for his present Petition could have also been summarily rejected. The United States District Court, U.S. Virgin Islands is indeed a Federal Court vested with all necessary jurisdiction and authority. See, Russell v. DeJongh, 491 F.3d 130, 133 n.3 (3d Cir. 2007) ("Though the District Court of the Virgin Islands is an Article IV court, the source of its authority to exercise jurisdiction . . . is 48 U.S.C. § 1612(a), which authorizes the District Court [of the Virgin Islands] to exercise 'the jurisdiction of a District Court of the United States.'") (citations omitted)).

5

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner Raphael Mendez's Petition, [Docket No. 1], be **DISMISSED without prejudice**; and

2. Mendez's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Dated: July 23, 2019
                                              s/Leo I. Brisbois
                                              Leo I. Brisbois
                                              U.S. MAGISTRATE JUDGE

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).