UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,                                Civ. No. 19-183 (PAM/LIB)

               Plaintiff,

v.                                           **MEMORANDUM AND ORDER**

David Paul, Warden, and Entire Mail Room
Staffing, FMC Rochester, Minnesota et al.,

               Defendants.

This matter is before the court on the July 23, 2019, Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois. (Docket No. 5.) The R&R recommends that this matter be dismissed without prejudice because Plaintiff's is seeking habeas relief via a new claim that could have been raised in his prior habeas proceedings. Plaintiff filed timely objections to the R&R. (Docket No. 6.)

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Plaintiff's objections and adopts the R&R.

**BACKGROUND**

Plaintiff filed his Complaint and an application to proceed in forma pauperis ("IFP") on January 24, 2019. Plaintiff states that he is currently confined at FMC Rochester pursuant to 18 U.S.C. § 4246, which provides for the commitment of certain individuals suffering from a mental disease or defect "as a result of which his release

would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a). While most of his allegations are incoherent, Plaintiff seems to argue that he is somehow being mistreated at FMC Rochester and his confinement is invalid due to lack of jurisdiction. Judge Brisbois found that it was difficult to determine the legal basis of Plaintiff's claim, ultimately concluding that Plaintiff's complaint was properly interpreted as a habeas petition pursuant to 28 U.S.C. § 2241 because Plaintiff is predominantly challenging the validity of his conviction due to lack of jurisdiction and is seeking his release from federal custody. Plaintiff's objections to the R&R are difficult to understand but seem to challenge Judge Brisbois' analysis of the law that is applicable to his Complaint. He further demands "jury selection" and "trial rights" while continuing to argue that his commitment is invalid for lack of jurisdiction. (Pl's Obj. (Docket No. 6) at 1, 2.)

**DISCUSSION**

An IFP application should be denied and the underlying action dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). The complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine." Stevens v. Braselton, No. 07cv626,

2007 WL 690031, at *2 (D. Minn. March 5, 2007) (Kyle, J., adopting R&R of Erickson, M.J.).

It is clear that if Plaintiff's Complaint is a Petition for habeas relief, the abuse-of-the-writ doctrine bars his claims. This doctrine bars federal detainees like Plaintiff from raising new claims that could have been raised in an earlier habeas proceeding. Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992). Plaintiff has filed at least two previous § 2241 habeas petitions challenging his custody in this District, but failed to raise his present jurisdictional argument in either case. See, e.g., Mendez v. United States, No. 12-cv-28 (ADM/FLN) (D. Minn. Jan. 5, 2012); Mendez v. Jett, No. 13-cv-1270 (ADM/FLN) (D. Minn. May 24, 2013). There is no apparent reason why Plaintiff could not make his present claims in either of his prior petitions and he is now barred from doing so.

But more fundamentally, Plaintiff's objections make clear that there is no legal or factual basis for his claims, regardless of the statute applied. While Judge Brisbois noted that different parts of the Complaint suggest that 42 U.S.C. § 1983, §1985, or 28 U.S.C. § 2241 may be the legal bases for Plaintiff's claim, Plaintiff has rejected each of those bases in turn. (Pl's Obj. at 2) ("What the U.S. Mag., said about 42 USC 1983, is wrong at Doc #5 Page 1"; " . . . Title 42 USC 1985(3), was filed, but it was NOT Filed as a sue"; "The U.S. Mag. has taken the wrong position in writing that i am seeking Release from Federal Custody") (typography and errors in original). Accordingly, there is no longer a cognizable basis for legal relief in Plaintiff's filings.

While Plaintiff makes multiple requests regarding jury trials and "trial demands" (Pl's Obj. at 1, 2), he has not stated any legal basis for that relief nor stated any specific facts that would give rise to such relief. Plaintiff's Complaint is likewise devoid of any articulable legal basis, and the facts he has alleged regarding his treatment in confinement are incoherent, vague, and conclusory. Therefore, Plaintiff has failed to state an actionable claim for relief and his Complaint is dismissed.

**CONCLUSION**

There is no factual or legal basis for Plaintiff's claims. To the extent he seeks habeas relief, he is barred from doing so because he raises new jurisdictional arguments that were not raised in his earlier habeas petitions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 5) is **ADOPTED**;

2. This matter is **DISMISSED without prejudice**; and

3. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 20, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge